TRACY FISHER *v.* COMMISSIONER OF CORRECTION
(AC 14295)

Foti, Lavery and Landau, Js.

Argued February 20—officially released June 3, 1997

*Kent Drager*, senior assistant public defender, for the appellant (petitioner).

*Leon F. Dalbec, Jr.*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, and *John J. Dropick*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

LAVERY, J. The petitioner appeals from the judgment of the habeas court dismissing his petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court improperly dismissed his claim of

ineffective assistance of counsel by incorrectly finding that the petitioner was not prejudiced by his trial counsel's performance. We affirm the judgment of the habeas court.

The following history of the case is necessary for a resolution of this appeal. The petitioner was convicted, after a jury trial, of murder, conspiracy to commit murder, and assault in the first degree. The petitioner received a total effective sentence of fifty years in the custody of the commissioner of correction.

On the petitioner's direct appeal, *State* v. *Fisher*, 210 Conn. 619, 556 A.2d 596 (1989), our Supreme Court held that the trial court did not improperly admit a written statement that the petitioner had submitted to the police. The petitioner also filed a petition for a new trial on the basis of newly discovered evidence, which was denied by the trial court. This court subsequently affirmed the trial court's denial of the petition. See *Fisher* v. *State*, 33 Conn. App. 122, 634 A.2d 1177 (1993). The petitioner filed a petition for writ of habeas corpus, asserting that he was denied effective assistance of counsel. Following an evidentiary hearing before the habeas court, the court dismissed the petition. This appeal followed.

The following facts are necessary for the disposition of this appeal. Between 8:30 and 9 p.m. on May 12, 1987, the petitioner and Michael Walker approached the backyard of 102-104 Enfield Street from the backyard of 98-100 Enfield Street in Hartford. At that time, Tom Dixon and Barrington Solomon were sitting on the first floor rear porch of a three story multi-family dwelling located at 104 Enfield Street. The petitioner ran from a tree to a fence that separated the backyards and, using some type of automatic or semiautomatic weapon, fired several shots toward the back porch of 102-104 Enfield Street where the two men were sitting. The petitioner

then returned to the tree and gave the weapon to Michael Walker. Walker fired several more shots at the back porch of 102-104 Enfield Street with the weapon. As a result of the gunfire, Dixon suffered fatal injuries and Solomon suffered serious physical injuries. The shooting was apparently in retaliation for a previous shooting in which Solomon had allegedly severely wounded Walker's brother.

The petitioner asserts that the habeas court incorrectly concluded that the petitioner was not prejudiced when his trial counsel failed to call several witnesses and allegedly failed to impeach effectively the testimony of two other witnesses. The petitioner argues that the habeas court should have determined that the evidence that was not presented was sufficient to undermine confidence in the outcome of that trial. Therefore, he claims that there is reasonable probability that the outcome of the trial would have been different, the standard established in *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), for habeas relief where trial counsel's performance is ineffective. We are unpersuaded.

The petitioner claimed before the habeas court that he was rendered ineffective assistance of counsel due to his counsel's failure to call Deserene Taylor, Antoinette Taylor and Dionne Smith as witnesses and to conduct an effective impeachment of Regina Tillis and Nadine Collier.

The habeas court heard testimony from both Smith and Deserene Taylor. In addition, Antoinette Taylor's testimony from Walker's trial was admitted into evidence. Deserene Taylor testified that she owned 98-100 Enfield Street at the time of the shooting. She also testified that at that time she did not know Smith or Landon Brown.[1] Antoinette Taylor's testimony revealed

---

[1] Brown had testified at the petitioner's trial that he had witnessed the shootings while he was visiting Smith at 98-100 Enfield Street.

that at the time of the shooting she lived with her family on the second floor of 98-100 Enfield Street and did not know either Brown or Smith. Smith testified that at the time of the shooting she lived at 829 Albany Avenue in Hartford, and that she had been to 98-100 Enfield Street only after the shooting.

Donald Gates, a private investigator employed by Walker's father, also testified at the habeas trial. Gates testified that he taped interviews of Collier and Tillis after the shooting. A transcript of those interviews was admitted into evidence at the habeas trial. During this interview, Collier told Gates that she had observed two "shadows" when she looked out her back window at the time of the shooting. The petitioner also offered the testimony of his trial counsel, William Collins, and attorney Richard Marano concerning the performance prong of *Strickland*.[2]

The habeas court evaluated the petitioner's claim of ineffective assistance of counsel under the proper two-pronged analysis set forth by the United States Supreme Court in *Strickland* v. *Washington*, supra, 466 U.S. 668. "Under *Strickland*, the petitioner must show that (1) defense counsel's performance was not reasonably competent or within the range of competence expected of attorneys with ordinary training and skill in criminal law; id., 687–88; and (2) but for counsel's substandard performance, there is a reasonable probability that the result of the proceeding would have been different. Id., 694." *Clarke* v. *Commissioner of Correction*, 43 Conn. App. 374, 385, 682 A.2d 618, cert. granted on other grounds, 239 Conn. 945, 686 A.2d 123 (1996).

The habeas court in its memorandum of decision addressed only the prejudice prong of *Strickland*, stating: "A habeas court need not address the question of counsel's performance if it is easier to dispose of an

---

[2] The performance prong of *Strickland* is not currently before this court.

ineffective assistance claim on the grounds of insufficient prejudice. *Pelletier* v. *Warden*, 32 Conn. App. 38, 46 [627 A.2d 1363, cert. denied, 227 Conn. 920, 632 A.2d 694] (1993)." After considering the testimony that was not presented, and reviewing the transcript of the petitioner's trial, the habeas court concluded: "It is axiomatic that the trier of fact may accept some of a witness' testimony even though it rejects other portions of that testimony as false. . . . [T]he court finds that the jury at that trial was reasonably likely to reach the same verdict even with the additional testimony of the Taylors and Smith. The petitioner has failed to meet his burden of proving that there is a probability sufficient to undermine confidence in that verdict. *Bunkley* v. *Commissioner*, 222 Conn. 444, 459 [610 A.2d 598] (1992)."

The habeas court's determination as to whether the petitioner's constitutional right to effective assistance of counsel has been violated is subject to plenary review by this court. See *Evans* v. *Commissioner of Correction*, 37 Conn. App. 672, 657 A.2d 1115, cert. denied, 234 Conn. 912. 660 A.2d 354 (1995). We thus examine the conclusions of the habeas court in light of the testimony and record before us.

The petitioner contends that the habeas court cited the incorrect *Strickland* standard regarding prejudice. The trial court twice stated in its memorandum of decision that the petitioner had the "burden of proving *by a preponderance of the evidence* that there exists a reasonable probability that the outcome of his criminal trial would have been different." (Emphasis added.)

While the trial court did incorrectly state that the petitioner had to prove prejudice by a preponderance of the evidence, it also applied the correct standard in its memorandum of decision. In *Strickland*, the United States Supreme Court held that "actual ineffectiveness

claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. . . . Even if a defendant shows that particular errors of counsel were unreasonable . . . the defendant must show that they actually had an adverse effect on the defense. It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding. Virtually every act or omission of counsel would meet that test . . . . The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland* v. *Washington*, supra, 466 U.S. 693–94. In the present case, the habeas court correctly cited the standard used by our Supreme Court in *Bunkley* v. *Commissioner of Correction*, supra, 222 Conn. 459, which states that, when attempting to prove prejudice, a petitioner's burden "should be the same: to establish that, based upon the totality of the evidence before the jury and . . . as a result of the error of the trial court . . . there is a probability [of a different outcome] sufficient to undermine confidence in the verdict that he seeks to overturn."

We agree with the habeas court that it may be likely that the evidence that was not presented would have raised some doubts regarding where Brown was positioned at the time of the shooting. Nevertheless, Brown was still able to relate facts about the shooting that were corroborated by other witnesses and that only an eyewitness could have known. These facts include the precise location from which the two bursts of gunfire came,[3] an accurate description of the weapon used, and the escape route taken by the petitioner and Walker.

---

[3] This location was established by the discovery of empty shells.

In addition, as discussed in *State* v. *Fisher*, supra, 210 Conn. 621, the petitioner gave the Hartford police a statement placing him in the company of Walker near the scene of the crime on the night of the shooting. This statement also indicated that the petitioner was associated with Walker in the distribution of narcotics. We conclude, therefore, that there was sufficient evidence to support the habeas court's finding concerning the prejudice prong of *Strickland*.

Thus, on the basis of our review of the habeas transcript and the entire record, we conclude that the habeas court correctly determined that the petitioner failed to sustain his burden of proving that there is a probability of a different outcome sufficient to undermine confidence in the verdict, and that the habeas court properly found that the petitioner was not deprived of his constitutionally mandated right to effective assistance of counsel.

The judgment is affirmed.

In this opinion the other judges concurred.