[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON SUBSTITUTED PETITION FOR A NEW TRIAL (#108)
On December 23, 1991, the petitioner, Christopher Williams was convicted of murder (General Statutes § 53a-54a), attempt to commit assault in the first degree (General Statutes §§53a-49 and 53a-59 (a)(1), and criminal possession of a pistol (General Statutes § 53a-217 (a)). The convictions were affirmed on appeal. State v. Williams, 231 Conn. 235,645 A.2d 999 (1994).
The State presented evidence that on September 22, 1990, the petitioner fatally shot Howard White four times from close range. (T. 54, 158, 413, 332, 337, 54, 785). David Lisbon was one of the witnesses who testified at trial. Lisbon identified the petitioner as the shooter in a taped statement given to police about a week after the shooting. At trial, however, Lisbon did not identify the petitioner. The earlier, out of court identification, was then admitted into evidence pursuant to Statev. Whelan, 200 Conn. 743, 513 A.2d 86 (1986).[1]
After the verdict but before the sentencing, the defendant's counsel presented to the court, a privately made videotape of a conversation between Lisbon and Greg Carney in which Lisbon contradicts his statement given to the police shortly after the shooting. In the tape, Lisbon states that the petitioner was not the shooter and claims that the police bribed him and that he felt threatened. During the video, Lisbon is engaged in snorting what appears to be crack cocaine.
Christopher Williams filed this petition for a new trial on October 6, 1992, pursuant to General Statutes § 52-270 and Practice Book § 904 alleging he is entitled to a new trial based on the newly discovered evidence in the videotape.
Practice Book § 904 and General Statutes § 52-270
allow a request for a new trial on the ground of newly discovered evidence. A petition for a new trial is addressed to the sound discretion of the trial court. Johnson v. State,36 Conn. App. 59, 73 n. 12, 647 A.2d 373 (1994). "The standard that governs the granting of a petition for a new trial based on newly discovered evidence is well established. The petitioner must demonstrate, CT Page 12990 by a preponderance of the evidence, that: (1) the proffered evidence is newly discovered, such that it could not have been discovered earlier by the exercise of due diligence; (2) it would be material on a new trial; (3) it is not merely cumulative; and (4) it is likely to produce a different result in a new trial."Asherman v. State, 202 Conn. 429, 434, 521 A.2d 578 (1987).
"In analyzing the foregoing factors, trial courts are guided by the general principle that a new trial should be granted because of newly discovered evidence only if an injustice was done or it is probable that on a new trial a different result would be reached." Johnson v. State, 36 Conn. App. 59, 63-4,647 A.2d 373, cert. denied, 231 Conn. 946 (1994). "This strict standard is meant to effectuate the underlying equitable principle that once a judgment is rendered it is to be considered final, and should not be disturbed by posttrial motions except for a compelling reason. . . . In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence present at the original trial. . . . It is within the discretion of the trial court to determine, upon examination of all the evidence, whether the petitioner has established substantial grounds for a new trial, and the judgment of the trial court will be set aside on appeal only if it reflects a clear abuse of discretion." (Citations omitted; internal quotation marks omitted.) Asherman v. State, supra, 202 Conn. 434.
The petitioner first claims that the evidence in the videotape could not have been discovered earlier by due diligence. "Due diligence does not require omniscience. Due diligence means doing everything reasonable, not everything possible. . . . The question which must be answered is not what evidence might have been discovered, but rather what evidence would have been discovered by a reasonable plaintiff by persevering application, [and] untiring efforts in good earnest." (Brackets in original; citations omitted; internal quotation marks omitted.) Kubeck v. Foremost Foods Co., 190 Conn. 667, 672,461 A.2d 1380 (1983).
"The petitioner for a new trial must be diligent in his efforts fully to prepare his cause for trial; and if the new evidence relied upon could have been known with reasonablediligence, a new trial will not be granted." (Emphasis in original; internal quotation marks omitted.) Williams v.Commissioner, 41 Conn. App. 515, 528, 677 A.d 211 (1996). In CT Page 12991Williams the court concluded that the petitioner did not prove that the testimony of a witness could not have been discovered as a result of due diligence. "To the contrary, there was uncontroverted testimony from the defendant's trial counsel who admitted he personally prepared an investigation request that indicated that [the witness] was an eyewitness to the shooting."Williams v. Commissioner, supra, 529.
Similarly, in this case petitioner's attorney testified that she prepared an investigation request asking her investigator to find Lisbon. The request indicated that Lisbon was a witness to the shooting. The investigator, however, was unable to locate Lisbon who had moved after a fire. (T. 1, 18-19). Lisbon, however, testified at trial. He gave his address to the court and to the police. State's Attorney Clark testified that he was able to locate Lisbon with one phone call to Red Cross. (T. 3, 99-100). Furthermore, after moving, the Lisbon kept his children in the same school with the change of address reflected in their records, filed a change of address with the post office, had his utilities transferred to the new address and continued to frequent the same establishments. (T. 3, 27-32). The defendant has failed to prove by a preponderance of the evidence that the evidence could not have been previously discovered by the exercise of due diligence.
Petitioner claims the evidence in the videotape is new and therefore not cumulative. "Merely curnulative evidence would be newly discovered evidence of the very same fact and the same attending circumstances, testified to upon the former trial, and . . . of the very same nature as that before offered in proof of that same fact." (Internal quotation marks omitted). Reilly v.State, 32 Conn. Sup. 349, 355, 355 A.2d 324 (1976). No new trial is required when the alleged "new" evidence is similar to that introduced at an earlier hearing. Shelton Sewer Authority v.DeFilippo, 2 Conn. App. 355, 356, 478 A.2d 623 1984). The Connecticut Supreme Court affirmed the denial of a motion for a new trial where evidence presented at an evidentiary hearing was cumulative of evidence presented at trial. State v. Raguseo,225 Conn. 114, 139, 622 A.2d 519 (1993).
In the present case, the new evidence is contained in the videotape in which Lisbon states that the petitioner is not the shooter. Lisbon previously testified at trial that the petitioner Williams was not the shooter. The inconsistency in Mr. Lisbon's statements was apparent at trial. The new evidence is therefore CT Page 12992 merely cumulative.
The petitioner claims that the information given by Lisbon in the videotape is credible and would result in a different outcome in a new trial. "[A] new trial should be granted because of newly discovered evidence only if an injustice was done or it is probable that on a new trial a different result would be reached." Johnson v. State, 36 Conn. App. 59, 64, 647 A.2d 373
(1994). "New trials are not granted upon newly discovered evidence that discredits a witness unless the evidence is so vital to the issues and so strong and convincing that a new trial would probably produce a different result." Fisher v. State,33 Conn. App. 122, 125, 634 A.2d 1177 (1993). "In determining the potential impact of new evidence, the trial court must weigh that evidence in conjunction with the evidence presented at the original trial." Fisher, 33 Conn. App. 124. "It [is] the trial court's function to compare the character, weight and credibility of the witness' recantation to that of the witness' testimony at trial in order to determine whether a new trial was warranted."Johnson v. State, 36 Conn. App. 59, 66, 647 A.2d 373 (1994). Trial courts have "time honored jurisdiction over the witness' credibility in a petition for new trial." Id., 68.
In State v. Valentine, 240 Conn. 395, 692 A.2d 727 (1997), the Connecticut Supreme Court addressed facts similar to those of the present case. In Valentine, the witness identified the defendant a few days after the shooting, providing the police with a statement. At trial however, the witness recanted her testimony. Her previous identification, given to the police shortly after the crime was admitted at trial for substantive and impeachment purposes. State v. Valentine, supra, 409. A videotape was taken after the statement was given to the police in which the witness did not identify the defendant. The Supreme Court assessed the credibility of the tape when the defendant claimed on appeal that it was improperly excluded by the trial court. Id.
The Supreme Court affirmed the judgment of the trial court. Because an identification was given to the police shortly after the shooting, "the trial court was within its discretion in considering the videotaped statement to be a classic example of a statement that' suffered from a serious element of self-interest' in which the witness attempted to bury her inconsistent statement with a later consistent one." State v. Valentine, supra, 413. Moreover, "prior statements are, necessarily made closer to the event in question when memories are fresher and when there is CT Page 12993 less likelihood that the statement is the product of corruption, false suggestion, intimidation or appeals to sympathy." State v.Whelan, 200 Conn. 743, 750, 513 A.2d 86 (1986).
Similarly, in this case Lisbon identified the petitioner shortly after the crime occurred. On the day of the shooting, Lisbon gave police a tape recording, telling them that the shooter's name was on the end of the tape. That name was Chris. (T. 492, 666). In addition, a week after the shooting, while at the police station on an unrelated arrest, Lisbon gave a tape recorded statement to the police identifying Christopher Williams as the shooter. (T. 608-11). At the trial however, Lisbon did not identify Christopher Williams as the shooter. (T. 570, et.seq.). He insisted that Christopher Williams had not done the shooting. (T. 649). The state, in response, offered Mr. Lisbon's tape recorded statement, identifying Christopher Williams as the shooter, which was admitted for substantive purposes pursuant toState v. Whelan, 200 Conn. 743, 753 (1986).
In the videotaped conversation, Lisbon reiterates what he said at trial, that Christopher Williams is not the shooter. Lisbon appears to be snorting crack cocaine during the videotape. He further indicates that he felt threatened and in fear of authorities if he did not testify as requested by the police. He also claimed that the New Haven Police had bribed him to identify Christopher Williams as the shooter.
The petitioner was convicted by a jury. At trial, the jury had an opportunity to observe the witnesses and to assess their credibility. The Connecticut Supreme Court, in affirming the convictions, noted "[o]ur review of the record indicates that the state produced compelling evidence of the defendant's identity and guilt. At least two other witnesses provided statements connecting the defendant to the crime." State v. Williams,231 Conn. 235. In convicting the petitioner the jury accepted the testimony of Charlesetta Holland the prior identifications given to the police shortly after the crime. The new evidence contained in the videotape is not credible enough to lead to a different result in a new trial.
The evidence in the videotape could have been discovered by due diligence, is cumulative and would probably not result in a different result in a new trial. The petition for a new trial is denied.
John W. Moran CT Page 12994 Judge of the Superior Court