[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner brings this habeas corpus proceeding claiming actual innocence based upon newly discovered evidence by way of recanted testimony of a material State's witness. The petitioner seeks an order from this Court vacating the guilty verdicts entered against him in his underlying criminal trial and remanding the matter for further proceedings before the trial court.
The petitioner is a sentenced prisoner confined to the custody of the Department of Corrections pursuant to a March 10, 1988 conviction, after a jury trial, of Conspiracy to Commit Murder in violation of Connecticut General Statutes Section53a-48 (a) and 53a-54a(a), and Assault in the First Degree in violation of Connecticut General Statute Section 53a-59 (a)(1). The judgment of conviction was affirmed on appeal in the matter of State v. Fisher, 210 Conn. 619 (1989).
In 1990 the Petitioner filed a petition for a writ of habeas corpus claiming ineffective (Assistance of counsel. That petition was denied and the denial of said petition was affirmed by the Appellate Court in Fisher v. Warden, 45 Conn. App. 362, cert.denied 242 Conn. 911 (1997). CT Page 15479
Thereafter, in 1993, the Petitioner filed a Motion for a New Trial claiming newly discovered evidence consisting of testimony from a witness who testified in a co-defendant's trial but did not testify at the Petitioner's trial. The Court denied the Motion for a New Trial and that denial was subsequently affirmed by the Appellate Court in Fisher v. State 33 Conn. App. 122
(1993).
In the instant matter, the Petitioner's claims are set forth in his Amended Petition dated November 6, 1998. The Petitioner alleges newly discovered evidence that was not available either at the time of his underlying criminal trial or at the time of his prior habeas trial. Specifically, the Petitioner asserts that Landon Brown, a witness who testified at the underlying criminal trial that he (Brown) saw the Petitioner (Fisher) shoot the victims, Tom Dixon and Barrington Solomon, has recanted his trial testimony.
At this habeas trial Brown testified that he has been in prison continuously since 1990 when he was sentenced for robbery with a firearm; that the Petitioner, Fisher, is his (Brown's) cousin; that he (Brown) testified under oath at the criminal trial that he saw the Petitioner shoot the victims; that he (Brown) voluntarily went to the police and told them that he saw Fisher do the shooting because he (Brown) wanted to "help myself out" on his own pending robbery and Violation of Probation cases; that his (Brown's) testimony caused a rift in his family; that he has been under pressure from his family regarding his trial testimony; that he is recanting his testimony now and issuing the new statement because he had "found God" in jail, had become a Muslim, and "needed to make things right." Brown claims now that he never saw the Petitioner (Fisher) on the night of the shooting and that he testified against Fisher in the underlying criminal trial because the police had "coached" him to do so and because he had been promised a lighter sentence on his own criminal charges if he cooperated with the police.
On cross examination though Brown acknowledged that he was under oath and lied when he testified in the underlying criminal trial but claimed that he is now telling the truth. He testified further that although he began to practice Islam in 1993, he has had several disciplinary reports in prison since then, that he was convicted of Forgery while out of prison on "home release" in July of 1998 and that he was returned to prison as a result thereof. He testified further that he is aware that he cannot be CT Page 15480 prosecuted today for an acknowledged perjury that took place twelve years ago. Brown also admitted that no one in law enforcement ever promised him anything concerning his own pending criminal cases nor did anyone ever discuss his criminal charges in conjunction with his (Brown's) testimony in the Petitioner's (Fisher's) criminal trial.
At the habeas trial, the Petitioner, Tracy Fisher, also testified and asserted that neither he nor any member of his family has asked Brown to recant his trial testimony.
In the recently released case of Channer v. State,54 Conn. App. 620 (1999) the Appellate Court noted that in reviewing a petitioner's claim under circumstances such as those set forth in the instant petition, the Court should employ a three-pronged analysis and that ". . . a new trial should be granted when (1) the court is reasonably well satisfied that the testimony of a material witness is false, (2) without it the jury might have reached a different conclusion, and (3) the party seeking a new trial was taken by surprise when the false testimony was given.Larrison v. United States, 24 F.2d 82, 87 (7th Cir. 1928). Connecticut adopted this standard as applicable to recantations in the matter of Pradlik v. State, 131 Conn. 682, 687,41 A.2d 906 (1945); see also Smith v. State,141 Conn. 202, 104 A.2d 761
(1954); Smith v. State, 139 Conn. 249, 251, 93 A.2d 296 (1952);State v. Davis, 2 Conn. Cir. Ct. 257, 262, 197 A.2d 668 (1963).
"Recantation as grounds for a new trial has always been viewed with skepticism. Well over a hundred years ago, our Supreme Court enunciated this skepticism in Shields v. State,45 Conn. 266, 270 (1877) as follows: "After the trial is over and the accused stands convicted, with the heavy penalty of the law impending and just ready to fall upon him, how easy by artful or even honest suggestion to awaken a sympathy even in the heart of the victim, who was the main, perhaps only witness against the accused, and who naturally feels responsible for the conviction; and how easy for such witness by a process of speculation, colored by feeling, to feel and express a doubt about the correctness of the opinion entertained at the time of the transaction.'" Johnson v. State, 36 Conn. App. 69.
It is for the trial court as the fact finder to determine the credibility of the recantations. ""[I]t is the court's right to consider evidence, draw logical deductions and make reasonable CT Page 15481 inferences from the facts proven.'" Talton v. Warden,33 Conn. App. 171, 179, 634 A.2d 912 (1993), affd, 231 Conn. 274,648 A.2d 876 (1994).
In applying the three pronged approach that has been articulated in the Channer and Larrison cases, this Court need not analyze the instant matter much beyond the first prong of the test. This Court finds that the recantation of the witness Brown is not credible. The Court is of the opinion that factors beyond Brown's claim of a newfound righteousness are motivating him to recant his trial testimony. Those factors include the acknowledged "pressure" he is receiving from his family, his knowledge that he cannot be prosecuted for the perjury he acknowledges committing twelve years earlier and his familial affection for his cousin, the Petitioner. The credibility of the witness Brown is further brought into question by virtue of his admitted conviction of Forgery while out of prison on "home release" in July of 1998.
In short, this Court was wholly unpersuaded by the habeas trial testimony of the witness Brown.
As regards the second and third prongs of the analysis articulated in the Channer and Larrison cases, the Petitioner has presented no credible evidence upon which the Court could make findings either that without the claimed false testimony of the witness Brown in the underlying criminal prosecution the jury might have reached a different conclusion, or that the Petitioner was ". . . taken by surprise when the false testimony was given".
For all of the forgoing reasons, the petition for a writ of habeas corpus is accordingly denied and dismissed.
BY THE COURT
CARROLL, J.