[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The petitioner was found guilty by a jury of violating General Statutes § 21a-277 (a) and sentenced to five (5) years, consecutive to any sentence being served by the petitioner in the state of New York. Am. Pet., at 1; Return, at 1. The petitioner's conviction was affirmed inState v. Lyle, 40 Conn. App. 288, 670 A.2d 871, cert. denied,237 Conn. 903, 674 A.2d 1332 (1996). The amended petition raises claims in two counts: 1) that trial counsel rendered ineffective assistance of counsel by failing to adequately investigate the state's case against the petitioner, failing to adequately prepare the case for trial, failing to adequately advise the petitioner as to the nature of the state's case against him, failing to seek suppression of testimony from witness William Chase and failing to advise or counsel the petitioner with respect to possible strategies, including but not limited to seeking a plea agreement; and 2) that the Office of the State's Attorney failed, despite an appropriate discovery request, to make available to the petitioner or his counsel exculpatory information. The respondent denies the claims raised in both counts.[1]
"The object of an ineffectiveness claim is not to grade counsel's performance. . . . Court's should strive to ensure that ineffectiveness claims not become so burdensome to defense counsel that the entire criminal justice system suffers as a result." Strickland v. Washington,466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674, reh. denied,467 U.S. 1267, 104 S.Ct. 3562, 82 L.Ed.2d 864 (1984). "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of the conviction . . . has two components. First, the petitioner must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel' guaranteed the defendant by the Sixth Amendment." Id., at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness. . . . The proper measure of attorney performance remains simply reasonableness under prevailing professional norms. . . . In any case presenting an CT Page 15301 ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id., at 688.
"Second, the petitioner must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id., at 687. "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., at 694. "Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." Id., at 687.
"A reviewing court can find against the petitioner on whichever [Strickland prong] is easier. Valeriano v. Bronson, 209 Conn. 75, 85-6,546 A.2d 1380 (1988); Nardini v. Manson, 207 Conn. 118, 124, 540 A.2d 69
(1988); Magnotti v. Meachum, 22 Conn. App. 669, 674, 579 A.2d 553
(1990); Beasley v. Commissioner of Correction, [47 Conn. App. 253, 264,704 A.2d 807 (1997), cert. denied, 243 Conn. 967, 707 A.2d 1268 (1998)]." Petaway v. Commissioner of Correction, 49 Conn. App. 75, 76 n. 2,712 A.2d 992 (1998). "A court deciding an ineffective assistance of counsel claim need not address the question of counsel's performance, if it is easier to dispose of the claim on the ground of insufficient prejudice." Nardini v. Manson, supra, 207 Conn. 124.
The petitioner was the sole witness at the habeas corpus trial. Attorney Charles Hanken, who represented the petitioner in the underlying criminal matter at issue in the present petition, is deceased.[2] The petitioner testified that Attorney Hanken, who had represented the petitioner in a previous matter approximately three years before the events underlying the present petition; Tr. (Aug. 21, 2002), at 14-15; did not discuss the state's case against him, did not review the state's evidence with him, did not ask him any questions until the day of trial about any of the state's witnesses, and did not ask him until the day of trial what he was doing on the offense date. Id., at 15-16. The petitioner also testified that he told Attorney Hanken that he had been at the bar where the sale of narcotics occurred, but that he did not make the sale. He also testified that there were a lot of other people in the bar who knew the petitioner and could have testified whether the petitioner left the room with the undercover officer of the Statewide Narcotics Task Force (i.e., William Chase). Id., at 16. Nevertheless, Attorney Hanken did not, according to the petitioner's testimony, ask the petitioner whether anyone in the bar knew the petitioner, did not ask the CT Page 15302 petitioner to hire a private investigator, and did not discuss the course of his investigation with the petitioner. Id., at 16-17.
A review of the criminal trial transcripts shows that Attorney Hanken aggressively litigated the petitioner's case. The petitioner's claims in count one of the amended petition, as supported by the petitioner's self-serving testimony at the habeas corpus trial, are completely incongruous with Attorney Hanken's vigorous representation during the criminal proceedings. This court does not find the petitioner's testimony regarding Attorney Hanken's alleged deficient performance to be credible.
Furthermore, the petitioner has not shown "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, supra, 466 U.S. 694. "In Strickland, the United States Supreme Court held that actual ineffectiveness claims alleging a deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. Even if a defendant shows that particular errors of counsel were unreasonable the defendant must show that they actually had an adverse effect on the defense." (Internal quotation marks omitted.) Fisher v. Commissioner of Correction, 45 Conn. App. 362,366-67, 696 A.2d 371, cert. denied, 242 Conn. 911, 697 A.2d 364 (1997), quoting Strickland v. Washington, supra, 466 U.S. 693-94. This court's confidence in the outcome of the petitioner's criminal trial has in no way been undermined. This court finds, therefore, that the petitioner has not affirmatively proven any prejudice resulting from the alleged deficient performance and that count one of the amended petition is without merit.
The second count of the amended petition claims that the Office of the State's Attorney failed, despite an appropriate discovery request, to make available to the petitioner or his counsel exculpatory information. This claim centers on the petitioner's belief that the individual who introduced Officer Chase to him at the bar was a confidential informant who also provided the information relied upon to obtain the arrest warrant. Tr. (Aug. 21, 2002), at 20. The petitioner claims that disclosure of the confidential informant would have led to exculpatory information.
The petitioner's belief that there was a confidential informant is not supported by any evidence aside from the petitioner's own testimony at the habeas corpus trial. The petitioner places great reliance on a Freedom of Information Request to the State's Attorney's Office in Stamford which was forwarded to the City of Stamford. Pet'r Ex. 1, at 1. CT Page 15303 The Office of Legal Affairs, City of Stamford, provided the petitioner with a copy of the application for arrest warrant which resulted in his arrest in this matter. In a letter accompanying a copy of the application for arrest warrant provided in response to the petitioner's request, the assistant corporation counsel for the City of Stamford indicates that he has "deleted information in the warrant application that could lead to the identity of the informant." (Emphasis added.) Id.
An unredacted copy of the application for arrest warrant was submitted as a full exhibit. Resp't Ex. C, at 2-3. A comparison of the two copies of the application shows that the only information which was deleted by the Office of Legal Affairs, City of Stamford, pertained to the specific time of the offense and the name of the police department. The petitioner's focus is not placed on any of the deleted information, but instead on the use of the term "informant" in the letter accompanying the copy of the application for arrest warrant. Tr. (Aug. 21, 2002), at 20.
The application for arrest warrant never references a confidential informant; however, the application does reference a police officer working in an undercover capacity. Resp't Ex. C, at 2. During the underlying criminal trial, Officers McElligott and Chase testified regarding the investigation and events which led to the petitioner's arrest. "On the evening of October 17, 1988, Officer Brian McElligott of the Stamford police department instructed [Officer Brian] Chase to make a controlled drug buy from a person known as "Jamaican Wayne' [i.e., Allan Lyle, the petitioner].' Chase entered the Dunright Bar and asked a patron to identify "Jamaican Wayne.' The patron pointed to the [petitioner]. Chase approached the [petitioner] and proceeded with the controlled buy."State v. Lyle, supra, 40 Conn. App. 289-90.
The petitioner testified at the habeas corpus trial that he believed that Darryl Williams, who introduced him to Officer Chase, "must have been a confidential informant for the police officers[.]" Tr. (Aug. 21, 2002), at 20. The petitioner believes that there must have been a confidential informant who supplied the information to the police and provided them with a basis for the arrest warrant. Id. The petitioner's belief is entirely unsubstantiated and flawed. The evidence in this matter does not support the petitioner's claim that the Office of the State's Attorney failed, despite an appropriate discovery request, to make available to the petitioner or counsel exculpatory information. Based upon the foregoing, this court finds that count two of the amended petition is wholly without merit.
Having found that neither count of the amended petition has merit, the petition seeking habeas corpus relief is denied. CT Page 15304
 ___________________________ GRAZIANI, JUDGE