TRACY FISHER *v.* COMMISSIONER OF CORRECTION
(AC 25494)

Lavery, C. J., and Flynn and Harper, Js.

Submitted on briefs September 28—officially released October 25, 2005

*Robert E. Byron*, special public defender, filed a brief for the appellant (petitioner).

*James E. Thomas*, state's attorney, *Elizabeth M. Moseley*, special deputy assistant state's attorney, and *Angela R. Macchiarulo*, senior assistant state's attorney, filed a brief for the appellee (respondent).

PER CURIAM. The petitioner, Tracy Fisher,[1] appeals following the denial of his petition for certification to appeal from the judgment dismissing his amended petition for a writ of habeas corpus in which he alleged that he was denied the effective assistance of habeas counsel.[2] The habeas court found that the parties had litigated the principal issue in a prior habeas corpus action; see *Fisher* v. *Warden,* judicial district of Danbury, Docket No. CV-96-0323342-S (November 30, 1999); and that the petitioner was collaterally estopped from litigating the issue again. We dismiss the appeal.

"Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion. . . . If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." (Citations omitted.) *Simms* v. *Warden,* 230 Conn. 608, 612, 646 A.2d 126 (1994). After carefully reviewing the entire record in this habeas proceeding, we conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve

---

[1] The petitioner was convicted of murder in violation of General Statutes § 53a-54a (a), conspiracy to commit murder in violation of General Statutes §§ 53a-48 (a) and 53a-54a (a), and assault in the first degree in violation of General Statutes § 53a-59 (a) (1). The judgment of conviction was affirmed in *State* v. *Fisher,* 210 Conn. 619, 556 A.2d 596 (1989). The trial court denied the petitioner's subsequent petition for a new trial on the basis of newly discovered evidence, which judgment was upheld in *Fisher* v. *State,* 33 Conn. App. 122, 634 A.2d 1177 (1993). See also *Fisher* v. *Commissioner of Correction,* 45 Conn. App. 362, 696 A.2d 371 (affirming judgment dismissing petition for writ of habeas corpus that alleged ineffective assistance of trial counsel), cert. denied, 242 Conn. 911, 697 A.2d 364 (1997).

[2] The petitioner also alleged a violation of the right to due process of law, but that claim was procedurally defaulted for not having been raised on direct appeal.

encouragement to proceed further. See *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991). As the petitioner has not satisfied any of those criteria, he has failed to demonstrate that the court's denial of his petition for certification to appeal reflects an abuse of discretion. See *Simms* v. *Warden*, supra, 612.

The appeal is dismissed.